This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40142**

**JEANETTE MCCOY,**

   Plaintiff-Appellant,

v.

**CITY OF FARMINGTON,**

   Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**R. David Pederson, District Judge**

The Gilpin Law Firm LLC
Donald G. Gilpin
Albuquerque, NM

for Appellant

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Brian K. Nichols
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}**   Plaintiff appeals the district court's order granting summary judgment in favor of Defendant and dismissing Plaintiff's complaint. In this Court's notice of proposed disposition, we proposed to summarily affirm. Plaintiff filed a memorandum in opposition to our proposed summary affirmance, which we have duly considered. Remaining unpersuaded that Plaintiff has shown error on appeal, we affirm.

**{2}** In Plaintiff's memorandum in opposition, she has elaborated on the facts and clarified the basis for her appellate claims. In relation to Plaintiff's first issue, Plaintiff claims that there is a genuine issue of fact because:

> [Plaintiff] stated that she told her Supervisor and Human Resources that she could not drive vehicles because of her disability. [Plaintiff] requested an accommodation not to drive vehicles. However, [Plaintiff] stated that she was told to drive City vehicles by her Supervisor. The City states that they have a note from the doctor with no [driving] restrictions. [MIO 6-7]

In support of this claim, Plaintiff has asserted that she provided Defendant with a note from her doctor indicating that she was able to return to work with a driving restriction, but Defendant claims that her doctor's note indicated that she could return to work without restriction. [MIO 2 ¶¶ 5-6]

**{3}** We note that Plaintiff's memorandum in opposition cites to Defendant's motion for summary judgment in support of her claim that she provided Defendant with a note from her doctor indicating that she was able to return to work with a driving restriction. [MIO 2 ¶ 5] This fact is not supported by the cited evidence, as the relevant undisputed material fact contained within Defendant's motion for summary judgment was that Plaintiff's doctor informed her that it was unsafe and unlawful for her to drive, and documented the same in Plaintiff's medical records; yet, Plaintiff provided Defendant with a note from that same doctor stating that she was able to return to work without any restrictions. [RP 56 ¶ 5(a) & (b)] We note that this fact was supported by Plaintiff's own deposition testimony that the doctor's note that she provided to Defendant indicated that she could return to work without restriction. [RP 56 ¶¶ 5(a) & (b), 26-27, 86, 91] And, Plaintiff's response to Defendant's motion for summary judgment did not place these facts in dispute as required by Rule 1-056(E) NMRA, which provides that the non-movant "may not rest upon the mere allegations or denials of his [or her] pleading, but his [or her] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

**{4}** Plaintiff instead broadly denied Defendant's fifth undisputed material fact, stating that Plaintiff did report to Defendant that she was not allowed to drive. [RP 151 ¶ 5] The deposition testimony cited by Plaintiff in support of this claimed factual dispute indicated that Plaintiff orally informed Defendant that she could not drive, but that she did not present a doctor's note as to this claimed restriction. [RP 151 ¶ 5, 162] The fact that Plaintiff orally informed Defendant that she could not drive does not place in dispute the fact that Plaintiff provided Defendant with a note from her doctor indicating that she was able to return to work without limitation. [RP 56 ¶¶ 5(a) & (b), 26-27, 86, 91] We are therefore not persuaded that Plaintiff created a genuine dispute of material fact as to this issue.

**{5}** Similarly, with regard to Plaintiff's second issue, we are unpersuaded to the extent that Plaintiff now argues that she "requested an accommodation not to drive vehicles by order of her doctor's note." [MIO 7] The only evidence of record presented

to the district court was that Plaintiff presented Defendant with a doctor's note indicating that she could return to work without restriction. [RP 56 ¶¶ 5(a) & (b), 26-27, 86, 91, 151 ¶ 5] This was insufficient to place Defendant on notice that she was requesting an accommodation. *Cf. Trujillo v. N. Rio Arriba Elec. Coop., Inc.*, 2002-NMSC-004, ¶¶ 15-16, 131 N.M. 607, 41 P.3d 333 (reasoning that a certificate from a doctor allowing the plaintiff to return to work for "'half time for one month,'" but "did not offer a diagnosis of his illness and how it limited [the worker's] ability to work, or suggest any accommodation that [the worker's] illness might require," was insufficient to place his employer on notice that the plaintiff was requesting a reasonable accommodation).

{6}     Finally, with regard to Plaintiff's third issue, her memorandum in opposition has not addressed the undisputed facts that we proposed tended to establish that Defendant's actions following Plaintiff's Charge of Discrimination were not pretextual. [CN 9-10] Plaintiff has instead argued that she put forth evidence "that could reasonably show that she had been doing a good job at the City," including that she had five years of positive evaluations and no write-ups prior to her Charge of Discrimination. [MIO 8] Although Plaintiff's response in opposition to Defendant's motion for summary judgment asserted that "Plaintiff had never had a poor performance evaluation in the five previous years" [RP 152 ¶ 17], the deposition testimony cited in support of this factual assertion did not support the assertion as required by Rule 1-056(D)(2), as it made no mention of any of Plaintiff's prior performance evaluations or lack of previous disciplinary write-ups. [RP 164 ¶ 8-18] We therefore disagree that Plaintiff put forth evidence in relation to this issue that would place facts in dispute as required by Rule 1-056(E). *See Sandel v. Sandel*, 2020-NMCA-025, ¶ 13, 463 P.3d 510 (explaining that a non-movant is prohibited from relying on "allegations or speculation" to demonstrate the existence of a genuine issue of material fact which would require trial on the merits, but must instead make such a showing through the presentation of admissible evidence).

{7}     Plaintiff's memorandum in opposition has not otherwise asserted any new facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374 ; *see also State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{8}     **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**